IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WITH-U E-COMMERCE (SHANGHAI) CO., LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>*Defendants*. | Civil Action No. 1-22-cv-03815 |

**PLAINTIFF'S STATEMENT ON ASSET FREEZE**

Pursuant to the Court's Minute Entry of August 9, 2022 (Dkt. No. 14), Plaintiff With-U E-Commerce (Shanghai) Co., Ltd. ("Plaintiff") files this statement addressing Plaintiff's *ex parte* motion for a TRO and requested asset freeze against the Defendants identified on Schedule A (collectively, "Defendants").

Plaintiff respectfully states that it seeks equitable relief in the form of an accounting and disgorgement of profits, not statutory damages. "Typical examples of equitable relief include an accounting or an injunction." *Int'l Fin. Servs. Corp. v. Chromas Techs. Can., Inc.*, 356 F.3d 731 (7th Cir. 2004) (citing *Jefferson Nat'l Bank v. Central Nat'l Bank in Chicago*, 700 F.2d 1143, 1150 (7th Cir. 1983)). An accounting of profits is an equitable remedy. *See Gucci Am. v. Bank of China*, 768 F.3d 122, 130-133 (2d Cir. 2014). In *Petrella v. MGM*, 572 U.S. 663 (2014), the Court treated recovery of the defendants' profits in a copyright infringement case as an equitable remedy. The Court noted that recovery of a defendant's profits was, "like other restitutional remedies… 'not easily characterized as legal or equitable,' for it is an 'amalgamation of rights and remedies drawn from both systems.'" *Id.* at n1 (citing Restatement (Third) of Restitution and Unjust Enrichment §

4, Comment b, at 28 (2010)). The Court further noted that, "[g]iven the 'protean character' of the profits-recovery remedy," it would "regard as appropriate its treatment as 'equitable'" in the case before it. *Id*. (citing Comment c, at 30). Further, the Federal Circuit has recently recognized the equitable nature of the disgorgement remedy for intellectual property cases. *See Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304 (Fed. Cir. 2018) (vacating a jury's disgorgement of profits award for trade secrecy misappropriation holding that only courts, not juries, can award disgorgement in intellectual property cases).

The claim asserted by Plaintiff in the Complaint (Dkt. No. 1) is for design patent infringement, which has an analogous profits-recovery remedy to that of the Copyright Act. Here, Plaintiff seeks equitable monetary relief in the form of an accounting of Defendants' total profits pursuant to 35 U.S.C § 289, which states in part: "Whoever… sells… any article of manufacture to which such design… has been applied shall be liable to the owner to the extent of his total profit…"; *see* Dkt. No 1 at ¶ 25 ("Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.").

"[T]he Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits...." *Johnson & Johnson v. Advanced Inventory Mgmt.*, 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. Jul. 20, 2020) (quoting *Klipsch Group, Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 153137, 2012 WL 5265727, at *4 (S.D.N.Y. Oct. 24, 2012) (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 71-72 (2d Cir.1998)); *see also*, *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). As this Court acknowledged, a restraint on assets is proper if a suit seeks equitable relief. Dkt. No. 14; s*ee also, CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question… were the profits of the [defendants] made by unlawfully stealing [the plaintiffs']

2

services, the freeze was appropriate and may remain in place pending final disposition of this case."); *Lorillard Tobacco Co. v. Montrose Wholesale Candies,* 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (finding that the Supreme Court in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) "made note of the fact that a restraint on assets was still available when the suit sought an equitable relief."); *Nail All., Ltd. Liab. Co. v. TTN Beauty*, Civil Action No. 21-cv-3140, 2021 U.S. Dist. LEXIS 44749 (D.N.J. Mar. 10, 2021) (finding the balance of factors tips in favor of plaintiffs being able to freeze assets of the counterfeiting and infringing defendants so as to preserve an accounting of profits under § 289). Here, since Plaintiff seeks equitable monetary relief in the form of an accounting and disgorgement of Defendants' total profits, Plaintiff's request for an asset freeze is consistent with *Grupo Mexicano*. Therefore, Plaintiff's request for an asset restraint should be granted.

DATED: August 19, 2022                             Respectfully submitted,

                                                    By: */s/ Stevenson Moore V*
                                                    David R. Bennett
                                                    **DIRECTION IP LAW**
                                                    P.O. Box 14184
                                                    Chicago, Illinois 60614
                                                    Tel: (312) 291-1667
                                                    dbennett@directionip.com

                                                    Of Counsel:
                                                    Stevenson Moore V
                                                    Texas Bar No. 24076573
                                                    smoore@nilawfirm.com

                                                    **NI, WANG & MASSAND, PLLC**
                                                    8140 Walnut Hill Ln., Ste. 500
                                                    Dallas, TX 75231
                                                    Tel: (972) 331-4600
                                                    Fax: (972) 314-0900

                                                    *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of August, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                                                  By: */s/ Stevenson Moore*
                                                                                      Stevenson Moore