IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WITH-U E-COMMERCE (SHANGHAI) CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> CHANGSHAN HAOLONG ZHANGPENG JIAGONGCHANG d/b/a HLONG DIRECT US, DERICK LIMITED d/b/a VINGLI-DIRECT, NINGBO CASUALWAY LEISURE PRODUCTS CO. LTD. d/b/a EZYFAST DIRECT, COBIZI, COBIZI DIRECT, and FANYUKIOLER, <br><br> *Defendants*. | Civil Action No. 1:22-cv-03815 <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff With-U E-Commerce (Shanghai) Co., Ltd. ("Plaintiff" or "With-U") files this Amended Complaint against Changshan Haolong Zhangpeng Jiagongchang d/b/a HLong Direct US ("HLong"), Derick Limited d/b/a Vingli-Direct ("Vingli"), Ningbo Casualway Leisure Products Co. Ltd. d/b/a EzyFast Direct ("EzyFast"), Cobizi, Cobizi Direct, and Fanyukioler (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. With-U is the owner of U.S. Patent Nos. 10,669,738 ("'738 Patent") and 10,273,710 ("'710 Patent") (collectively, "Asserted Patents") related to the field of collapsible canopies and central locks. With-U sells products that practice the Asserted Patents with great success.

2. Defendants infringe upon the Asserted Patents by at least selling, without authorization, various pop-up canopy tent products ("Accused Products") that practice With-U's patented technologies.

3. By bring this action, With-U seeks to obtain compensation for the harm it has

suffered as a result of Defendants' ongoing infringement.

## THE PARTIES

4. Plaintiff is a type of limited corporation formed under the laws of the People's Republic of China. Plaintiff has a principal place of business at RM 214B No. 358 Building, No. 3663 N. Zhongshan Rd., Putuo District, Shanghai, China.

5. Upon information and belief, Defendants are related, foreign business entities that operate numerous Amazon storefronts and other e-commerce websites. Defendants are believed to be Chinese limited companies, or the equivalent.

6. Defendant HLong is a Chinese business organized and existing under the laws of China with a principal place of business at No.29, Liwuting, Jiangyuan Cun, Hejia Xiang, Changshan Xian, Quzhou, Zhejiang, China.

7. Defendant Vingli is a Hong Kong limited corporation organized and existing under the laws of Hong Kong with a principal place of business at RM18 27/F Ho King Comm Ctr, 2-16 Fayhuen St Mongkok KL, Hong Kong, 999077.

8. Defendant EzyFast is a China limited corporation organized and existing under the laws of China with a principal place of business at Room 901, No. 45, Lane 578, Tiantong South Road, Yinzhou District, Ningbo, Zhejiang 315100, China.

9. Plaintiff will further amend this Amended Complaint to identify the actual names of Defendants Cobizi, Cobizi Direct, and Fanyukioler, as they are discovered.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court may properly exercise specific personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive Amazon storefronts and other e-commerce websites. Specifically, Defendants are reaching out to do business with Illinois residents by operating said e-commerce stores through which Illinois residents can purchase infringing products. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold infringing products to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendants are believed to be foreign business entities.

## THE ASSERTED PATENTS

13. The Asserted Patents are part of larger patent portfolio that includes both utility and design patents related to collapsible canopies and central locks.

14. The Asserted Patents stem from the same PCT application, PCT/CN2016/091675.

15. The '738 Patent was duly issued by the USPTO on June 2, 2020 with an earliest effective filing date of July 26, 2016.

16. The '738 Patent discloses "[a] collapsible canopy frame with an improved locking mechanism. The collapsible canopy frame has at least three supporting legs. The collapsible canopy frame also has a central lock that is used for locking the collapsible canopy frame in an unfolded state and permits the collapsible canopy frame to be folded into a folded state when the central lock is unlocked. An outer retractable unit is connected between each adjacent supporting

leg. An inner retractable unit having an inner end is connected between each supporting leg and the central lock. The inner end of the inner retractable unit is connected through the central lock." Exhibit A, copy of '738 Patent, at Abstract.

17. The '710 Patent was duly issued by the USPTO on April 30, 2019 with an earliest effective filing date of August 18, 2015.

18. Similarly, the '710 Patent discloses "central lock comprises a center pole, a center top cap, and a center bottom cap. A locking piece is received in the center bottom cap; a first through hole is provided in the locking piece; and the end part of the center pole is provided with a clamping groove and a clamp locking part located at the lower end of the clamping groove. When the central lock is in a locked state, the locking piece is clamped with the clamping groove of the center pole, and the locking part abuts against a lower end surface of the locking piece; and when the central lock is in an unlocked state, the locking piece is separated from the clamping groove, and the clamp locking part can pass through the first through hole." Exhibit B, copy of '710 Patent, at Abstract (annotations omitted).

19. The Asserted Patents were invented by Shengyong Yang and Jing Bian, and subsequently assigned to Plaintiff With-U.

20. As such, Plaintiff is the owner all rights in the Asserted Patents, including the sole and exclusive right to enforce the Asserted Patents against infringers, and to collect damages for all relevant times.

21. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Asserted Patents.

**THE WITH-U CANOPIES**

22. Plaintiff With-U owns and operates the brand Crown Shades® which sells various collapsible canopies that practice the Asserted Patents, including the patented center-lock technology that reduces setup time and effort.

THE *Original*
CENTER LOK
INSTANT CANOPY

(https://www.crown-shades.com/)

23. With-U has been selling the Crown Shades® canopies throughout the United States via various retail outlets, such as Academy, The Home Depot, and Ace Hardware, and on their own website, www.crown-shades.com.

24. With-U has established its canopy products as the first to market and has a growing reputation with quality reviews. With-U's pop-up canopy tents have been well received by customers throughout the world due to the patented center-lock technology that allows a single user to pitch the canopy with little effort.

**THE ACCUSED PRODUCTS**

25. Defendants sell, offer, for sale, and/or import the Accused Products under different brand names that infringe various claims of the Asserted Patents.

26. The Accused Products are sold on Amazon via the identified storefronts. Some Defendants, such as Vingli and EzyFast, operate their own websites that sell Accused Products (https://www.vingli.com/ and https://www.ezyfast.net/).

5

27. The Accused Products all practice With-U's patented center lock technology and have similar design features that indicate that they originate from a common source.



(https://www.vingli.com/collections/pop-up-canopies/products/vingli-10x10ft-easy-pop-up-canopy-tent-with-4-removable-zippered-mesh-sidewalls-for-outdoor-blue-white)

## CLAIM I - INFRINGEMENT OF THE '738 PATENT
## (35 U.S.C. § 271)

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. Defendants HLong, Vingli, EzyFast, and Cobizi have directly or indirectly infringed the '738 Patent by making, using, selling, offering for sale, and/or importing into the United States without authority the Accused Products that practice at least claim 1, literally and/or under the doctrine of equivalents. *See* '738 Exemplary Infringement Charts, attached as Exhibits A-1 to A-4.

30. Defendants have had constructive knowledge of the '738 Patent since Plaintiff is in compliance with the patent marking and notice statute, 35 U.S. Code § 287.

31. Defendants have had actual knowledge of the '738 Patent since at least the filing of this Amended Complaint.

32. As such, Defendants have knowingly induced at least their end-user customers to further infringe the '738 Patent by using the Accused Products in their intended manner.

33. Plaintiff has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Pursuant to 35 U.S.C. § 285, because of the exceptional nature of this case, Plaintiff is entitled to its reasonable attorney fees.

35. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to an injunction to prevent the violation of the '738 Patent.

## CLAIM II - INFRINGEMENT OF THE '710 PATENT
## (35 U.S.C. § 271)

36. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37. Defendants HLong and EzyFast have directly or indirectly infringed the '710 Patent by making, using, selling, offering for sale, and/or importing into the United States without authority the Accused Products that practice at least claim 7, literally and/or under the doctrine of equivalents. *See* '710 Exemplary Infringement Charts, attached as Exhibits B-1 to B-2.

38. Defendants have had constructive knowledge of the '710 Patent since Plaintiff is in compliance with the patent marking and notice statute, 35 U.S. Code § 287.

39. Defendants have had actual knowledge of the '710 Patent since at least the filing of this Amended Complaint.

40. As such, Defendants have knowingly induced at least their end-user customers to further infringe the '710 Patent by using the Accused Products in their intended manner.

41. Plaintiff has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42. Pursuant to 35 U.S.C. § 285, because of the exceptional nature of this case, Plaintiff is entitled to its reasonable attorney fees.

43. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to an injunction to prevent the violation of the '710 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. That Judgment be entered that Defendants have infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. An award of damages sufficient to compensate Plaintiff for Defendants infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendants' willful infringement, together with interest and costs;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney fees;

D. Injunctive relief to prevent the violation of the Asserted Patents under 35 U.S.C. § 283; and

E. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable by jury.

DATED: November 18, 2022

Respectfully submitted,

By: */s/ Timothy T. Wang*
David R. Bennett
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com

Of Counsel:
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Timothy T. Wang*
Timothy T. Wang