**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WITH-U E-COMMERCE (SHANGHAI) CO., LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> CHANGSHAN HAOLONG ZHANGPENG JIAGONGCHANG d/b/a HLONG DIRECT US, DERICK LIMITED d/b/a VINGLI-DIRECT, NINGBO CASUALWAY LEISURE PRODUCTS CO. LTD. d/b/a EZYFAST DIRECT, COBIZI, COBIZI DIRECT, and FANYUKIOLER, <br><br> *Defendants.* | **Case No. 1:22-CV-03815** <br><br><br> **JURY TRIAL DEMANDED** <br><br> Hon. Judge Steven C. Seeger |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Defendants Changshan Haolong Zhangpenp Jiangongchang (d/b/a HLong Direct US), Derick Limited (d/b/a VINGLI-Direct), and Ningbo Casualway Leisure Products Co. Ltd (d/b/a EzyFast Direct) (collectively, "Moving Defendants") submit this reply memorandum in support of their motion to transfer this case to the Central District of California under 28 U.S.C. § 1404(a). This reply addresses the opposition brief filed by Plaintiff With-U E-Commerce (Shanghai) Co., Ltd. ("Plaintiff") and Defendants Cobizi, Cobizi Direct, and fanyukioler (collectively, the "Opposing Defendants").

## I. **INTRODUCTION**

Venue is proper in the Central District of California because all defendants are foreign corporations and thus may be sued in any judicial district. *See* 28 U.S.C. § 1391(c)(3). Personal jurisdiction also exists over all defendants in the Central District of California. Plaintiff's

-1-

Complaint alleges that each defendant targets business activities towards consumers in the United States by selling products through Amazon storefronts and other e-commerce websites. Dkt. 39 at ¶ 11; *see also* ¶ 26. That allegation equally supports the existence of personal jurisdiction over defendants in Illinois and in California.

Moreover, it is undisputed that the Plaintiff has previously filed three lawsuits in the Central District of California alleging infringement of the same patents asserted in this case against the same types of products—canopies containing a locking mechanism—that are at issue in this case. Plaintiff has identified no connection to Illinois (other than filing the present lawsuit), and it would be more convenient for it to proceed with this lawsuit in a venue where it already had lawsuits pending involving the same patents and same types of products. The Opposing Defendants have established no connection to Illinois that does not equally apply to California and it would not be more convenient for them to proceed with this case in Illinois than in California.

Judge Selna of the Central District of California is handling the three prior cases filed by Plaintiff and is already familiar with Plaintiff's patents and the types of products at issue. Thus, it would be far more efficient for this case to proceed in the Central District of California. Plaintiff and the Opposing Defendants also ignore that having this case proceed in the same Court in which Plaintiff filed its three other prior lawsuits avoids the possibility of inconsistent rulings and judgments regarding Plaintiff's asserted patents. Accordingly, this case should be transferred to the Central District of California.

## II. <u>VENUE AND JURISDICTION ARE PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA</u>

The Opposing Defendants erroneously allege that Defendants have "made no effort to explain" that venue is proper in the Central District of California with respect to the moving

Defendants or the Opposing Defendants. Dkt. 62 at 3. However, it is undisputed that all defendants are foreign companies. As the Moving Defendants explained in their Motion, because the defendants are foreign companies, they may be sued in any judicial district. *See* 28 U.S.C. § 1391(c)(3). Thus, venue is proper in the Central District of California.

Plaintiff further argues that venue is not proper in the Central District of California because defendants are not subject to personal jurisdiction there. Dkt. 61 at 2-4. However, Plaintiff's Complaint alleges that jurisdiction exists over defendants "since each of the Defendants directly targets business activities ***towards consumers in the United States***, including Illinois, through at least the fully interactive Amazon storefronts and other e-commerce websites." Dkt. 39 at ¶ 11 (emphasis added); *see also id.* at ¶ 26. Plaintiff's allegation that jurisdiction exists in Illinois because defendants target consumers in the United States by selling their products through nationwide retailers such as Amazon equally supports an allegation that jurisdiction exists in other states, including California. The Opposing Defendants also do not deny that they are subject to personal jurisdiction in California. While Plaintiff spends pages of its brief arguing that its Complaint alleges and establishes that the Moving Defendants are subject to personal jurisdiction in Illinois, Plaintiff does not dispute that it could have instead filed this lawsuit in California.

In sum, Plaintiff could have brought this lawsuit in the Central District of California, just as it did in the three prior lawsuits it filed there. While Plaintiff and the Opposing Defendants repeatedly argue that venue is proper in this district, their arguments miss the point and do not negate that venue is also proper in the Central District of California. Thus, this requirement to transfer is satisfied.

### III. THE INTERESTS OF JUSTICE FAVOR TRANSFER

Plaintiff and the Opposing Defendants contend that this Court and the Central District of California are both familiar with matters involving federal law, including patent infringement. Dkt. 61 at 7; Dkt. 62 at 8. While the Moving Defendants do not dispute this Court's familiarity with patent law, Plaintiff's argument ignores that, as relevant to this case specifically, Judge Selna already has familiarity with the patents-in-suit and the types of accused products at issue. Given Judge Selna's familiarity with those matters, by virtue of Plaintiff previously electing to file three patent infringement suits in the Central District of California, the interest of justice and judicial efficiency strongly favor transferring this case. *Waller v. Burlington Northern R. Co.*, 650 F. Supp. 988, 990 (N.D. Ill. 1987) ("As a general rule, cases should be transferred to districts where related actions are pending."); *Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 473 (N.D. Ill. 1979).

Plaintiff's argument that the "timeline" of this case and Plaintiff's other cases in the Central District of California weigh against transfer is meritless. Dkt. 61. Plaintiff contends that by the time this case would be transferred, claim construction in the other cases would be over, which it contends would "render[] any such savings in judicial economy meritless." *Id.* However, the opposite is true. In view of the schedule set in those other cases, Judge Selna would already have familiarity with Plaintiff's patents and associated claim construction issues by the time any claim construction issues in this case would need to be addressed, which would make it more efficient for Judge Selna to address any claim construction issues in this case.

The Opposing Defendants further argue that this Court allegedly has a greater interest in deciding this case because of the "Illinois-specific facts" of this case and the "degree of business" conducted by the parties in this District. Dkt. 62 at 9. However, the Opposing

Defendants point to no such Illinois-specific facts and do not substantiate their allegations regarding the degree of business conducted by the defendants in this District. The Opposing Defendants do not identify any business at all that they have conducted in Illinois or identify any other connections to this District. As set forth above, Plaintiff's Complaint alleges jurisdiction based on defendants allegedly targeting consumers in the United States by selling products though Amazon and other unspecified on-line retailer. Allegations based on such activities are no more specific to Illinois than they are to California.

Plaintiff and the Opposing Defendants also ignore the concern about inconsistent judgments that would occur if this case is not transferred. For example, if two separate courts are tasked with deciding issues such as claim construction and invalidity, they may reach different conclusions that resulting in inconsistent judgments. If this Court grants the motion to transfer, these potential inconsistencies would be eliminated.

## IV. THE CONVENIENCE OF THE PARTIES WEIGHS IN FAVOR OF TRANSFER

Neither Plaintiff nor the Opposing Defendants identify any connection to this District that is not also equally applicable to the Central District of California, other than Plaintiff choosing to file this lawsuit here. Plaintiff alleges that it sells its canopies "throughout the United States . . . ." which would include both California and Illinois. Dkt. 39 at 5. Plaintiff alleges that defendants sell their products through e-commerce websites, such as Amazon. Amazon sells product nationwide, including in both Illinois and California.

Moreover, Plaintiff is a foreign company that has no connection to this District, and its choice of forum is entitled to little, if any, deference. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). Plaintiff has also filed three lawsuits in the Central District of California alleging infringement of the same patents at issue in this case. Thus, it would be more

convenient for Plaintiff to litigate this case in a forum where it is already involved in related pending litigation. The Central District of California is also closer to the Opposing Defendants' business locations. It would be more convenient for the Opposing Defendants to travel to California than to Illinois.

In addition, "[t]he interest of justice inquiry carries greater weight than concern for convenience." *Bull v. Illinois Union Ins. Co.*, 2017 WL 3234374 at *5 (N.D. Ill. July 31, 2017). As set forth above, the interests of justice strongly favor transfer and carries significantly more weight here than any considerations of convenience of the parties. But regardless, Plaintiff and the Opposing Defendants have failed to present any reasoned explanation why it would be less convenient to litigate this case in California than in Illinois, and, in fact, the convenience of the parties weighs in favor of transfer.

## V. <u>THE COURT MAY SEVER THE OPPOSING DEFENDANTS</u>

The Moving Defendants maintain that the most efficient course of action for the Court to follow is for the Court to transfer this case in its entirety. However, if the Court is not inclined to do so, it has authority to sever the claims against the Moving Defendants and transfer those claims pursuant to Fed. R. Civ. P. Rule 21. It is undisputed that the Moving Defendants and the Opposing Defendants are unrelated. The claims against them may be tried separately and are amendable to separate resolution, and thus are amenable to severance. *See Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). Plaintiff's specious argument that the defendants' products allegedly originate from a common source (Dkt. 61 at 8) does not negate that the Moving Defendants and the Opposing Defendants are distinct and unrelated entities, and the claims against one group of defendants are capable of resolution separate from the claims against the other group of defendants.

## VI.  **CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request that the Court transfer this case in its entirety to the Central District of California, or at a minimum, transfer Plaintiff's claims against the Moving Defendants.

Respectfully Submitted,

January 17, 2023

/s/ *Marko R. Zoretic*
Marko R. Zoretic (*Admitted Pro Hac Vice*)
Nathan D. Reeves (*Admitted Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Kevin Tottis (6193853)
**TottisLaw**
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
(312) 527-1400
(312) 527-1450 (direct)
(312) 589-7192 (fax)
www.tottislaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Marko R. Zoretic*
Marko R. Zoretic

56933337